```
          IN THE UNITED STATES DISTRICT COURT
               FOR THE DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| NEST INTERNATIONAL, INC., | |
| Plaintiff, | Civil Action<br>No. 12-2087 (JBS/KMW) |
| v. | |
| MARC W. BALZAMO & ZAMO<br>TECHNOLOGIES, INC., | **MEMORANDUM OPINION** |
| Defendants. | |

**SIMANDLE**, Chief Judge:

This matter is before the Court on Plaintiff's motion for a preliminary injunction as well as expedited discovery in advance of a preliminary injunction hearing [Docket Item 4]. THE COURT FINDS AS FOLLOWS:

1. The Verified Complaint alleges that Defendant Marc Balzamo, after being terminated from his position with Plaintiff NEST International, Inc., used his access to NEST's confidential information to develop a competing software product. Balzamo allegedly formed a business to sell this software, Zamo Technologies. Plaintiff contends that Balzamo's conduct violated Plaintiff's copyright on its software (Count One); breached Balzamo's non-compete and separation agreements (Counts Two and Three); constituted tortious interference with these agreements on the part of Zamo (Count Four); and misappropriated trade secrets (Count Five).

2. Originally, Plaintiff sought to have a hearing convened

before April 18, 2012, the claimed date of irreparable commercial harm from Defendant Balzano's attendance at a trade conference. But on April 12, 2012 the Court denied Plaintiff's request to schedule the hearing on such short notice, in the absence of either proof of service or a motion for a temporary restraining order. The Court ordered that the motion will be heard according to the motion schedule provided for in Local Rule 7.1(c)(1).

    3. On the date set for opposition, April 23, 2012, Defendant Balzamo, who is presently proceeding without an attorney, filed a document styled similarly to an Answer. The document contains denials of facts averred in the Verified Complaint as well as legal argument incorrectly characterized as "Affirmative Defenses." Def. Balzamo's Answer 10. Balzamo pleads that he did not attend the April 18, 2012 event out of a desire to avoid confrontations and settle this matter amicably. The document does not contain specific assertions or argument with respect to the propriety of expedited discovery.

    4. On May 1, 2012, after Plaintiff had filed a reply, Defendant Balzamo filed opposition to the motion for preliminary injunction and expedited discovery. With respect to the discovery, he argues that there is no need for expedited discovery as Defendant is willing to show Plaintiff the software in question, and expresses concern about protecting his software information from Plaintiff.

5.  The Verified Complaint avers that Zamo Technologies is structured as a corporation.  Compl. ¶ 3.  The Answer characterizes Zamo as an LLC.  Either way, Defendant Balzamo cannot represent Defendant Zamo; even LLCs with a single member must be represented by counsel because they have a legal identity separate from their members.  See Dougherty v. Snyder, No. 11-2631, 2012 WL 942121, at *1 (3d Cir. Mar. 21, 2012); Simbraw v. United States, 367 F.2d 373, 374 (3d Cir. 1996) (holding that corporation must be represented by an attorney).  Therefore, Mr. Balzamo may represent himself as a Defendant pro se, but he may not represent Zamo Technologies, because he is not an attorney.  This means that Zamo Technologies is unrepresented at this time.

6.  Plaintiff seeks to depose Defendant Balzamo, and to serve document requests and interrogatories upon both Defendants in order to "discover the confidential information and trade secrets in Defendants' possession and use of that confidential information and trade secrets by Defendants."  Pl.'s Mot. 18; Pl.'s Mot. Ex. A & Ex. B.

7.  The Court finds good cause to order at least some expedited discovery, as it appears reasonably necessary to enable this Court to judge the parties' interests and respective chances for success on the merits at a preliminary injunction hearing. See Better Packages, Inc. v. Zheng, CIV.A. 05-4477 (SRC), 2006 WL 1373055 (D.N.J. May 17, 2006); Philadelphia Newspapers, Inc. v.

Gannett Satellite Info. Network, Inc., CIV. A. 98-CV-2782, 1998 WL 404820 (E.D. Pa. July 15, 1998); Ellsworth Assocs., Inc. v. United States, 917 F. Supp. 841, 844 (D.D.C. 1996).

8. The Court will refer to Magistrate Judge Williams the determination of precisely what parts of the discovery sought by Plaintiff are appropriate in this expedited phase, and how best to proceed with that discovery in advance of the preliminary injunction hearing. Judge Williams has agreed to convene a conference on May 18, 2012 at 10:00 A.M. in Room 2040 of this Courthouse. This conference will also present the parties with an opportunity to find a mutually agreeable way to preserve the status quo, to avoid the necessity of this expedited phase.

9. The only reference in the Verified Complaint to a date on which irreparable harm may occur is the now moot April 18, 2012 date for the conference that Defendants did not attend. The Court takes no position on whether irreparable harm is nevertheless sufficiently imminent so as to justify a preliminary injunction. However, in the absence of any date certain, the Court will schedule the preliminary injunction hearing for June 29, 2012. This is the earliest available date for a hearing in the absence of extraordinary measures on the part of the Court. However, the Court will entertain taking such measures if Plaintiff shows in a supplemental filing that an earlier hearing is necessary avoid irreparable harm. Such a filing must also

4

document Plaintiff's efforts to reach a mutually agreeable way to preserve the status quo until June 29, 2012.

    10.  On or before June 22, 2012, the parties may submit letter briefs (i.e., not containing a table of contents, table of authorities, or other formalities) no longer than five pages supplementing the record on the motion for preliminary injunction in advance of this hearing, together with any supplemental affidavits and documents.  The accompanying Order will be entered.

| | |
|---|---|
| **May 3, 2012** | **s/ Jerome B. Simandle** |
| Date | JEROME B. SIMANDLE |
| | Chief U.S. District Judge |